FILED - USDC - FLMD - FM
AUG 26 2026 AM9:04

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ZACHARY KEEGAN,

Plaintiff,

v.

IONA-MCGREGOR FIRE PROTECTION AND RESCUE DISTRICT,

Defendant.

Case No.: 2:26-cv-2431-SPC-KRH

COMPLAINT FOR EMPLOYMENT DISCRIMINATION UNDER TITLE VII AND DEMAND FOR JURY TRIAL

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND DEMAND FOR JURY TRIAL

Plaintiff Zachary Keegan, proceeding pro se, sues Defendant Iona-McGregor Fire Protection and Rescue District (the "District") for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, and alleges as follows:

## I. PARTIES

**1.** Plaintiff Zachary Keegan is an adult resident of Lee County, Florida, and has been employed by the District as a firefighter/paramedic. Plaintiff is Caucasian/white and alleges discrimination based on race, color, and national origin.

**2.** Defendant Iona-McGregor Fire Protection and Rescue District is a public fire and rescue employer operating in Lee County, Florida. The District employs more than 100 personnel and is Plaintiff's employer for purposes of Title VII.

## II. JURISDICTION AND VENUE

**3.** This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

**4.** This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and jurisdiction over Title VII claims under 42 U.S.C. § 2000e-5(f)(3).

**5.** Venue is proper in the Fort Myers Division of the Middle District of Florida because the employment practices alleged in this Complaint occurred in Lee County, Florida, and the relevant employment records and workplace are located in this District.

## III. ADMINISTRATIVE EXHAUSTION

**6.** Plaintiff timely filed EEOC Charge No. 510-2025-10246 against the District. The charge alleged discrimination based on race, color, and national origin in connection with the District's failure to promote Plaintiff to Lieutenant.

7. On June 25, 2026, the EEOC issued its Determination and Notice of Rights for Charge No. 510-2025-10246. The Notice states that the EEOC dismissed the charge, issued Plaintiff notice

of his right to sue the respondent on the charge, and requires a federal-law lawsuit to be filed within 90 days of Plaintiff's receipt of the official notice.

8. Plaintiff files this action within the ninety-day period stated in the EEOC Determination and Notice of Rights. A complete copy of the June 25, 2026 Determination and Notice of Rights is attached as Exhibit A.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff began employment with the District in November 2015 and became a certified firefighter in April 2016. He has held the rank of firefighter/paramedic.

10. In 2023, Plaintiff participated in the District's promotional process for Lieutenant. The District ranked the five highest candidates as Dennis Raden, Curtis Rine, Nick Strong, Plaintiff, and Josh Koza.

11. The District promoted Raden in September 2024 and promoted Rine and Strong in December 2024.

12. By January 2025, Plaintiff was the highest-ranked remaining candidate on that promotional list, with Koza ranked second.

13. The promotional list remained effective until March 3, 2025.

14. Under the collective bargaining agreement described by the District, when a Lieutenant vacancy exists the Fire Chief selects from the eligible candidates under the applicable rule-of-three procedure. Plaintiff does not allege that placement on the list guaranteed him a promotion.

15. Plaintiff alleges instead that the District discriminatorily retained and extended favorable treatment to Lieutenant Alex Gonzalez under circumstances that prevented or delayed a Lieutenant vacancy while Plaintiff's promotional list remained active.

16. Gonzalez had been promoted to Lieutenant in April 2023 from an earlier promotional list.

17. Plaintiff alleges that Gonzalez thereafter experienced serious performance, disciplinary, probationary, and criminal-history issues, while the District continued to retain him in the Lieutenant position.

18. Plaintiff alleges that Gonzalez failed to complete his initial Lieutenant probationary period and that the District extended his probation rather than remove him from the Lieutenant position.

19. On September 20, 2024, while Gonzalez was on leave, Gonzalez was arrested in Hillsborough County on a domestic-violence charge.

20. The District admits that it learned of the September 2024 arrest by February 2025. At that time, Plaintiff's promotional list was still active and Plaintiff was the highest-ranked remaining candidate.

21. The District chose not to take adverse employment action against Gonzalez at that time and instead kept him in Lieutenant status while awaiting the criminal proceeding.

22. The District's position statement states that it avoided adverse action until after Gonzalez's scheduled June 2025 jury trial. The District states that Gonzalez was terminated effective June 13, 2025, after a conviction.

23. By the time Gonzalez was terminated, Plaintiff's promotional list had expired on March 3, 2025. The District then relied on the expiration of that list as the reason Plaintiff could not be considered for the vacancy resulting from Gonzalez's separation.

24. Plaintiff alleges that the District's asserted lack of knowledge concerning Gonzalez's broader arrest history is contradicted by evidence in Plaintiff's possession. Plaintiff has identified a recorded August 29, 2022 conversation in which Deputy Chief Joel Guzman referred to Gonzalez's mug shots in connection with Deputy Chief Khalid Aquil.

25. Plaintiff does not allege that the 2022 recording, by itself, proves the District knew of the separate September 2024 arrest before February 2025. Plaintiff alleges that it is evidence that senior District management had knowledge of Gonzalez's earlier arrest history before the District represented to the EEOC that it was unaware of an alleged extended criminal history.

26. Plaintiff further alleges that the District knew or had notice of additional misconduct and policy violations involving Gonzalez but repeatedly afforded Gonzalez continued employment, extended probation, or other favorable treatment. District Employee Handbook § 6.3 identifies, among other potential infractions, lying during an investigation and unlawful or improper conduct that negatively reflects upon coworkers or the District, and states that documented poor performance, inappropriate behavior, or policy violations may constitute just cause for discipline up to and including dismissal.

27. District Employee Handbook § 6.5, Guidelines for Investigations and Corrective Actions, provides that the District will accept and document all complaints alleging employee misconduct, that supervisors are responsible for necessary corrective action, and that complaints are to be processed and, when necessary, investigated through the Deputy Chief Administration and Human Resources Manager.

28. Plaintiff alleges that District management had information concerning Gonzalez's misconduct and criminal history that triggered or should have triggered the complaint-handling and investigation procedures in § 6.5, including referral through the chain of command, documentation, fact-finding, and appropriate corrective action, but that management failed to apply those procedures consistently to Gonzalez.

29. District Employee Handbook § 6.3, Guidelines for Appropriate Conduct, requires employees to maintain high personal integrity and identifies falsification, lying during an investigation, unlawful or improper conduct reflecting negatively on the District, and other policy violations as conduct potentially warranting discipline up to and including dismissal. Plaintiff alleges that the District did not apply these standards consistently to Gonzalez despite notice of conduct falling within those categories.

30. The District's Code of Ethics, Operating Guideline 1.3.1, applies to all District personnel and calls for integrity, fairness, truthful conduct, reporting dishonest acts, and nondiscrimination based on race, color, and national origin. Plaintiff alleges that the District's handling of the matters described above departed from those stated standards.

31. On November 24, 2025, after the promotional list had expired and after Plaintiff had filed his EEOC charge, Plaintiff submitted a written whistleblower report to Chief Seth Comer invoking sections 112.3187 through 112.31895, Florida Statutes. In that report, Plaintiff complained of alleged discriminatory promotional practices, alleged failures to investigate and correct Gonzalez's misconduct under District policy, and alleged gross mismanagement or neglect of duty.

32. Plaintiff does not allege that the November 24, 2025 whistleblower report caused the earlier March 2025 failure to promote. Plaintiff identifies the report as a subsequent written

disclosure documenting his allegations and the District policies he contends management failed to follow. This Complaint does not presently assert a separate Florida Whistle-blower's Act retaliation count.

33. Plaintiff was qualified to compete for promotion to Lieutenant and was permitted by the District to serve as an Acting Lieutenant. The District states that Plaintiff was approved to serve as Acting Lieutenant beginning June 8, 2022. Plaintiff alleges that he performed Lieutenant duties, including covering duties associated with Gonzalez's absence, but was not promoted to Lieutenant.

34. Plaintiff alleges that the District's repeated favorable treatment and retention of Gonzalez, a Hispanic/brown employee, despite known performance, probationary, disciplinary, and criminal-history issues, contrasted with the District's refusal to promote Plaintiff, a white/Caucasian employee who was qualified and at the top of the remaining promotional list by January 2025. Plaintiff alleges that race, color, and/or national origin were motivating factors in the challenged employment decisions and that he lost Lieutenant wages, benefits, seniority, promotional opportunity, and other employment-related compensation.

## V. COUNT I – TITLE VII DISCRIMINATION (RACE, COLOR, AND NATIONAL ORIGIN – FAILURE TO PROMOTE)

35. Plaintiff incorporates paragraphs 1 through 34 as if fully set forth here.

36. Plaintiff is a member of classes protected by Title VII based on race, color, and national origin.

37. Plaintiff was qualified for the Lieutenant promotional process and, by January 2025, was the highest-ranked remaining candidate on the then-active promotional list.

38. Plaintiff suffered an adverse employment action when the District failed to promote him to Lieutenant and he lost the compensation, benefits, seniority, and career opportunity associated with that position.

39. Plaintiff alleges that the circumstances surrounding the District's retention and favorable treatment of Gonzalez, its knowledge of Gonzalez's performance and legal issues, its treatment of Gonzalez's probationary status, and its alleged departures from its own conduct, complaint-processing, investigation, and ethics policies while Plaintiff's promotional list remained active support a reasonable inference of discriminatory treatment and pretext.

40. Plaintiff further alleges that the District's representations concerning its knowledge of Gonzalez's prior arrest history are contradicted by evidence and are relevant to whether the District's stated explanations are worthy of credence.

41. Plaintiff alleges that his race, color, and/or national origin were motivating factors in the District's challenged employment decisions, in violation of 42 U.S.C. § 2000e-2.

42. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages and benefits and other damages recoverable under Title VII.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

**A.** Enter judgment in Plaintiff's favor on Count I;

**B.** Award back pay and lost employment benefits, with prejudgment interest as permitted by law;
**C.** Award appropriate equitable relief, including promotion or front pay in lieu of promotion if promotion is not feasible or appropriate;
**D.** Award compensatory damages to the extent permitted by Title VII;
**E.** Award costs and any attorney's fees recoverable by law if Plaintiff later becomes represented by counsel or otherwise becomes entitled to such fees;
**F.** Grant appropriate declaratory and injunctive relief; and
**G.** Award any further relief the Court deems just and proper.

**VII. JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

*Respectfully submitted,*

[signature]

Zachary Keegan, Plaintiff, Pro Se
10407 Carolina Willow Drive
Fort Myers, FL 33913
Email: Zkeegan4@yahoo.com
Telephone: 813 431 1012

**Dated:** 8/26/26

## EXHIBIT LIST

Exhibit A - EEOC Determination and Notice of Rights dated June 25, 2026, Charge No. 510-2025-10246.

Exhibit B – EEOC Charge of Discrimination and supporting complaint/affidavit filed in connection with Charge No. 510-2025-10246.

Other evidentiary materials, including District policies, recordings, the District's EEOC position statement, and the November 24, 2025 whistleblower report, are preserved and are not attached to this initial Complaint unless separately filed.